## W. P. ANDERSON v. THE STATE.

### No. 782.        Decided November 25, 1893.

[Note.—This case, though decided several years ago, was ordered reported, and only came to hand the 9th day of November, 1899.—Reporter.]

1. **Continuance—Absence of Statement of Facts—Practice on Appeal.**

On appeal, in the absence of a statement of the facts, the court can not revise the action of the court in overruling an application for continuance, it being impossible to determine whether the proposed testimony was either material or probably true.

2. **Theft of Cattle—Evidence.**

On a trial for theft of one head of cattle, it is not competent for defendant to prove that his stepfather, since deceased, claimed the animal as his own.

3. **Same—Unknown Owner—Charge.**

Where an indictment for theft alleges ownership in an unknown person, it is only in the event that an issue is raised by the evidence as to the diligence used by the grand jury in trying to ascertain the owner's name that the court is required to submit such issue in the charge to the jury. In the absence of a statement of facts, it can not be determined whether or not such issue was raised.

4. **Same—Honest Mistake—Charge.**

On a trial for the theft of one head of cattle, the necessity for a charge as to a sale of the animal by defendant through an honest mistake, believing the same to be the property of his mother, can not be determined in the absence of a statement of facts.

APPEAL from the District Court of Atascosa. Tried below before the Hon W. W. WALLING, Spceial Judge.

Appeal from a conviction of theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

There is no statement of facts in the record.

*C. G. White,* for appellant.—The ownership of the animal having been alleged to be unknown to the grand jurors, it was error for the court to

fail to submit to the jury whether the grand jury had used due diligence
to ascertain the owner. Jorasco v. State, 6 Texas Crim. App., 238; Wil-
liamson v. State, 13 Texas Crim. App., 514; Langham v. State, 26 Texas
Crim. App., 532; Atkinson v. State, 19 Texas Crim. App., 462; Brewer
v. State, 18 Texas Crim. App., 456.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction of cattle theft. Ap-
pellant reserved a bill of exceptions to the action of the court in refusing
his application for a continuance of the cause.. There is no statement of
facts in the record. As set forth in the bill of exceptions, the facts pro-
posed to be proved by the absent witnesses may appear to be material;
but upon the trial the evidence may have shown conclusively that they
were not material, and if material, were not probably true. This being
the case, we can not revise the action of the court refusing the continu-
ance, in the absence of the facts.

2. Appellant objected, reserving his bill of exceptions to the State
proving by several witnesses the custom of stockmen in regard to sell-
ing beeves, etc. This evidence was introduced to show that neither the
defendant nor his mother would have kept the animal in question as long
as it was shown they did. Whether this was material or important testi-
mony we know not. It may have been harmless.

3. Defendant proposed to prove by Colvin Musgrove that "on or
about the —— day of ———, 188—, his (defendant's) deceased step-
father talked about the animal set forth in the indictment, claiming the
same as his own," etc. This was not competent testimony, and, if mate-
rial, may not have been probably true.

4. The facts proposed to be proved by James Lyons, as to what Mus-
grove said and did with reference to the animal in question, may have
been material, but in the absence of the statement of facts, we can not
determine that the facts were probably true.

5. The objection to the charge of the court, that it failed to submit
to the jury the question of diligence used by the grand jury in ascertain-
ing the owner of the alleged stolen animal may or may not have been
well taken. If the State failed to prove proper diligence on the part of
the grand jury to ascertain to whom the animal belonged, then the court
should have submitted that question to the jury. On the other hand,
if such proof was made, then there could have been no injury resulting
to defendant in failing to submit such a charge. When the evidence on
this subject is of such a character as to present an issue on the subject
of diligence, the court should submit it to the jury; but in this case the
evidence may have proved conclusively that proper diligence was used,
or the facts on the trial may have established beyond question that the
owner of the animal was unknown, as alleged. We can not assume that
there was any testimony in this case tending to show that defendant dis-

posed of the animal through an honest mistake, believing the same to be the property of his mother; hence, in the absence of the statement of facts, a charge upon mistake may n )t have been called for by any evidence in the case. The judgment is affirmed.

*Affirmed.*